# SETTLEMENT AGREEMENT AND GENERAL RELEASE

### 1.    Parties:

This document sets forth the terms and conditions of the Agreement and Release (hereinafter "Agreement") by and between LAWRENCE W. HUFF (hereinafter "the Releasor") and CITY OF TEMPLE, GEORGIA and all of their employees, officers, owners, contractors, subcontractors, agents, officials, elected and appointed persons, insurers and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally (hereinafter collectively and individually referred to as "Releasees").  In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

### 2.    Payment And Consideration:

Upon execution of this Agreement and Release as provided for below, Releasees shall pay to Releasor's attorney to be placed in trust until the execution of all conditions precedent of this Agreement a total payment of ONE HUNDRED FIFTY-ONE THOUSAND dollars ($151,000.00). Of this total amount, SEVEN THOUSAND FIVE HUNDRED dollars ($7,500.00) is payable to Releasor in compromise and satisfaction of his retaliation claim.  Moreover, NINETY-TWO THOUSAND FIVE HUNDRED dollars ($92,500.00) is payable to Releasor as back pay in compromise and satisfaction of Releasor's overtime claims. The payment for overtime wages will be subject to and reduced by all required federal and state deductions, as well as a garnishment action which requires Releasees to pay fifteen percent (15%) of Releasor's disposable income to a third-party creditor. As such, $12,750.00 of the settlement proceeds payable to Releasor will be paid to a third-party creditor pursuant to an existing garnishment action.

Dozier Law Group, LLC ("DLG") will receive FIFTY-ONE THOUSAND DOLLARS ($51,000.00) as compensation for attorneys' fees and costs earned

and incurred in representing Releasor.  The funds to be paid to DLG pursuant to this Agreement are less than the amount to which DLG is entitled to receive under the terms of the Representation Agreement by and between DLG and Releasor. Said funds are payable to DLG over and above the proceeds which Releasor shall receive from Releasees in compromise and settlement of Releasor's claims against Releasees in this action.  The funds payable to DLG as attorneys' fees are reasonable and appropriate for litigation of this nature and in this jurisdiction.

The conditions precedent to this Agreement are as follows:

(a)     execute the within full release and settlement agreement;

(b)     receive court approval of the Agreement by the United States District Court for the Northern District of Georgia; and

(c)     receive an Order of Dismissal from the United States District Court for the Northern District of Georgia dismissing Civil Action No. 3:11-CV-00006-TWT.

**3.     <u>Release of Employment</u>:**

Releasor acknowledges that Releasees have not offered him a position of continued employment and that Releasor will not be returning to work for Releasees.  Furthermore, Releasor agrees that he shall not be eligible for employment with the City of Temple now or in the future.

**4.     <u>Non-Disparagement</u>:**

Releasor covenants and agrees that he shall not make or publish any written or oral statements or remarks including, without limitation, remarks regarding Releasees and/or his conduct individually or as a former employee of Releasees, which are objectively disparaging, deleterious, or damaging to the integrity, reputation, or good will of Releasees, its officials, officers and/or employees.

Releasees also covenant and agree that its officials, officers and employees shall not make or publish any written or oral statements or remarks including, without limitation, remarks regarding Releasor and/or his conduct individually or as a former employee of Releasees, which are objectively disparaging, deleterious, or damaging to Releasor's integrity or reputation.  However, it is understood by both parties that Releasor's personnel file and documents concerning his employment with the City of Temple are subject to the Georgia Open Records Act.

Further, Releasor covenants and agrees that with regard to his employment with Releasees, he will only list Releasees' City Administrator as a professional reference.  Releasees agree and covenant that the City Administrator will, at all times, provide a neutral professional reference, which shall specifically be limited to Releasor's date of hire; position; salary amount; and termination date with the City. Further, in response to inquiries from third parties and/or prospective employers regarding Releasor's eligibility for rehire or whether Releasees would rehire him, the City Administrator shall inform the inquiring party that under city policies and procedures it does not and will not respond to those specific inquiries.

5.   **Release:**

A.      For and in consideration of the total payment specified above and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Releasor does hereby knowingly and voluntarily release and forever discharge Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown, which Releasor had, now has or which Releasor may have against Releasees up to and through the date of the execution of this Agreement by both parties, based on claims arising by reason of, or in any way connected with, or which are or may be based in

3

whole or in part on, or due or may arise out of, or are or may be related to Releasor's employment with Releasees, and the claims asserted by Releasor in the civil action styled <u>Lawrence W. Huff v. City of Temple, Georgia</u>, United States District Court for the Northern District of Georgia, CAN: 3:11-CV-00006-TWT.

      B.     Without limiting the generality of the foregoing, Releasor acknowledges and covenants that, in consideration for the sums being paid herein by Releasees to Releasor and his counsel of record, Releasor has knowingly and voluntarily relinquished, waived and forever released any and all remedies which might otherwise be available to Releasor, including, without limitation, claims for contract or tort damages of any type, emotional damages, mental damages, damages for anguish or anxiety, liquidated damages, special or consequential damages, lost benefits of any kind including without limitation, medical benefits, physical and mental pain and suffering, recovery of attorney's fees, costs, and expenses of any kind against Releasees.

**6.    <u>Confidentiality</u>**

     Releasor acknowledges and covenants that neither Releasor, nor any other person, organization or other entity acting on the Releasor's behalf, may disclose details of this Agreement <u>unless required to do so by law</u> except to state that the case was settled to the satisfaction of the parties.

**7.    <u>Covenant Not To Sue</u>:**

     Releasor further acknowledges and covenants that neither Releasor, nor any other person, organization or other entity acting on the Releasor's behalf has or will sue or cause suit against Releasees upon any claim released herewith or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein.

4

8.   **Knowing And Voluntary Waiver And Release:**

A.   It is understood and agreed that this Agreement and Release is executed by Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person or party as to the merits, legal liabilities or value of Releasor's claims.

B.   Releasor also acknowledges that no promise or inducement has been offered or made except as herein set forth.  Releasor further acknowledges that consideration for this Agreement consists of financial payments to which Releasor's legal entitlement is disputed.

C.   As part of this consideration for the conditions of the settlement as set forth above, Releasor expressly warrants and represents to Releasees that (a) Releasor is legally competent to execute this Agreement; and (b) Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which Releasor has or may have by reason of the incident described above or any matters arising out of or relating thereto.

9.   **Successors And Assigns:**

This Agreement and Release shall be binding upon Releasor and Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of Releasees and its predecessors, successors and assigns.

10.   **Non-Admission:**

Releasor acknowledges that the payment set forth herein does not constitute any admission of liability on the part of Releasees, by whom liability is expressly denied.  This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

11.   **<u>Governing Law and Interpretation</u>**:

This Agreement and General Release shall be governed and conformed in accordance with the laws of the state of Georgia. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or seek any damages for breach. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

12.   **<u>Court Approval Required</u>**

The Parties agree this Agreement shall not become effective or enforceable until the United States District Court for the Northern District of Georgia approves the Agreement and enters a final Order of Dismissal.

*(Signatures on following page)*

IN AGREEMENT HERETO, the Parties set their hand and seal.



_____
LAWRENCE W. HUFF, Releasor

Sworn to and subscribed before me

This 19th day of March, 2011.

_____
Notary Public

My Commission Expires: 3 - 2 6 - 2 0 1 1

_____
RICK FORD, Mayor, City of Temple,
on behalf of Releasees

Sworn to and subscribed before me

This 22 day of March, 2011.

_____
Notary Public

My Commission Expires: April 20, 2012

7